SIDNEY STEVENS, APPELLANT, *v.* W. J. STEPHENS
ET AL., RESPONDENTS.

BURDEN OF PROOF—INSTRUCTION TO JURY.

Where, in an action upon an account, the defendant, in his answer,
sets up affirmative matter upon which he relies to release him-
self from the plaintiff's claim, the burden is upon him to
establish his defense; and in such case it is error for the court
to charge the jury that the burden of proof is upon the plain-
tiff, without stating to them the position which the defendant
occupies respecting the proof.

(No. 718.   Decided Oct. 15, 1896.)

Appeal from the Second district court, Weber county.
Hon. H. H. Rolapp, *Judge.*

Action by Sidney Stevens against W. J. Stephens and
and S. C. Stephens, doing business under the firm name
of Stephens Bros,   Verdict for defendants and plaintiff
appeals.   *Reversed.*

*L. R. Rhodes,* for appellant.

*E. M. Allison, Jr.,* for respondents.

BARTCH, J.:

This is an action upon an account for goods sold and
delivered.   At the trial the jury returned a verdict of
"No cause of action," and this appeal is from an order
denying a motion for a new trial.   It is alleged in the
complaint, substantially, that the defendants are co-part-

ners doing business under the firm name of Stephens Bros., and are indebted to the plaintiff in the sum of $2,277.65, balance due upon an account for goods, wares, and merchandise sold to them at their special instance and request, at Ogden City, between May 1 and September 5, 1892, and that the same became due and payable on the last-named day. The answer denies specifically all the allegations of the complaint, and then, in substance, alleges affirmatively that, when goods in question were bought, the plaintiff and the defendants were directors in four corporations, the plaintiff having also been president of three of them, and that the defendants were the active business managers of said corporations; that as such managing agents they ordered the goods in question for said corporations; that at the time the plaintiff furnished said goods he knew they were being furnished for the corporations, and furnished them with the intent to aid them; and that no part of them was received by the defendants or ordered by them, except as such agents and managers. At the trial, counsel for the plaintiff requested the court to rule that under the pleadings the burden of proof was on the defendants, but the court held that the burden of proof was on the plaintiff, and so instructed the jury. This action on the part of the court is set out as one of the causes of complaint. It is quite clear that both counsel and court were in error. As an abstract proposition of law, the statement of the court to the jury that "the burden of proof is upon the plaintiff, and he must establish, by a preponderance of the evidence, the material allegations of his complaint," is doubtless correct; but we are apprehensive that, under the pleadings, its application in this case, without stating the position which the defendants occupied respecting the *onus probandi*, was not only erroneous, but misleading to the jury as to the proper mode of determining the ques-

tion at issue. The plaintiff was bound to make out a *prima facie* case, but he was not bound to prove, in the first instance, that the defendants were not acting as agents when they ordered the goods. The mere fact that agency was set up in the answer raised no presumption that such a relation actually existed. Agency was made the basis to defeat the plaintiff's claim, and therefore it was incumbent upon the defendants to establish it by affirmative proof. If, in a court of justice, one undertakes to make out a case against another, or, by affirmative defense, to release him from the claim of another, the burden is on him to furnish the proof to make good his contention. Whart. Ev. §§ 356, 357. In the case at bar the *onus* was on the plaintiff to prove his case substantially as alleged. Then, when this was done, it was incumbent upon the defendants, in order to release themselves from the plaintiff's claim, to show that the goods were ordered by them as managing agents for the corporations, and sold by the plaintiff with the understanding that they were being purchased by the corporations, as alleged in the answer. The court having failed to instruct the jury properly on the question of the burden of proof, the cause must be reversed, and, this being so, we do not deem it necessary to discuss the questions upon the evidence raised in the course of the trial. The cause is reversed and remanded, with directions to the court below to set aside the order appealed from, and grant a new trial.

ZANE, C. J., and MINER, J., concur.